## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | : : | |
| Plaintiff | : : | Civil Action No. 1:10-cv-02108 (Chief Judge Kane) |
| v. | : : | |
| ELAINE M. KALENVITCH, Defendant | : : | |

### MEMORANDUM ORDER

On October 12, 2010, the Court issued a summons to Plaintiff Metropolitan Life Insurance Company for service on Defendant Elane M. Kalenvitch. On May 26, 2011, after the time for service on Defendant had run, Plaintiff filed a motion for alternative service. (Doc. No. 12.) On June 22, 2011, the Court denied Plaintiff's motion and ordered Plaintiff to show cause why this action should not be dismissed for failure to effect service within the 120 days provided by Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 15.) On June 27, 2011, Plaintiff filed a reply to the Court's order and moved for additional time to effect service. (Doc. No. 16.)

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Furthermore, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "[C]ourts have considered three factors in determining the existence of good cause: (1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71

F.3d 1086, 1097 (3d Cir. 1995).  The Third Circuit has equated "good cause" with the "excusable neglect" standard of Federal Rule of Civil Procedure 6(b)(2).  Id.  Excusable neglect requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  Id. (internal citations omitted).  Accordingly, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place."  Id.

First, the Court finds that Plaintiff has made reasonable efforts to serve Defendant.  Before attempting personal service, Plaintiff mailed Defendant a waiver of service on three occasions.  (Doc. No. 16 at 3.)  Next, as is more fully discussed in the Court's June 22, 2011 memorandum order, Plaintiff attempted to locate Defendant by, inter alia, inquiring with Defendant's neighbors and the United States Postal Service, visiting Defendant's former church, attempting to contact Defendant at her listed phone number, and conducting internet record searches.  (Doc. Nos. 13-1, 13-2, 15 at 2.)  Plaintiff also made two attempts at personal service.  (Doc. No. 13-2. ¶¶ 4, 5.)  Based on these facts, the Court finds that Plaintiff has made reasonable efforts to serve Defendant for purposes of Rule 4(m).

Second, the prejudice to Defendant by lack of service is minimal.  Defendant and Defendant's mother, Mary Kalenvitch, are named beneficiaries in equal shares of the death proceeds under a Single Premium Deferred Anniuty ("the Contract") issued in 1991.  (Id.)  In March 2000, the Contract annuitant, Defendant's father, died and the death proceeds were payable to Defendant and Mary Kalenvitch.  (Id. at 2.)  However, neither Defendant nor Mary Kalenvitch made a claim for the death proceeds.  (Id.)  In March 2004, Mary Kalenvitch died.  (Id.)  In 2005, Defendant made a claim for the full amount of the death proceeds, at that time valued at $40,986.20.  (Id.)  In 2006, due to the terms of the Contract, Plaintiff paid Defendant

her equal share of the death proceeds from the Contract.  (Id.)  The remaining balance of the death proceeds is payable to the Estate of Mary Kalenvitch.  (Id.)  However, Mary Kalenvitch apparently died intestate.  (Id.)  Defendant has informed Plaintiff that an estate for Mary Kalenvitch was never established and that Defendant does not intend to open an estate for her.  (Id.)  Instead, Defendant has requested that Plaintiff pay the remaining death proceeds to her directly.  (Id. at 3.)  Plaintiff has filed this declaratory judgment action requesting that the Court enter judgment declaring that Defendant establish an estate for Mary Kalenvtich, or in the alternative, declaring to whom the remaining death proceeds shall be paid.  (Doc. No. 1 at 4.)  As Plaintiff points out, Defendant "stands to possibly obtain monies through the establishment of an estate or by court order."  (Doc. No. 16 at 4.)  Thus, the Court finds that minimal prejudice to Defendant weighs in favor of granting Plaintiff an extension of time.

The Court notes that Plaintiff did not move for an enlargement of time for service.  Nonetheless, Plaintiff has made reasonable efforts to serve Defendant and Defendant is not prejudiced by the lack of timely service.  Because Plaintiff has shown good cause for the failure to serve, the Court will grant Plaintiff an extension of time to effect service.[1]

**ACCORDINGLY**, on this 20th day of July 2011, **IT IS HEREBY ORDERED THAT**

---

[1] Even if Plaintiff did not demonstrate good cause for its failure to effect service, the Court would exercise its discretion to extend the time period pursuant to Rule 4(m).  Factors for the Court to consider when deciding whether to grant a discretionary extension of time include (1) actual notice of the action; (2) prejudice to the defendant; (3) statute of limitations; (4) conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other relevant factor. See Chiang v. U.S. Small Bus. Admin., 331 F. App'x. 113, 116 (3d Cir. 2009).  As noted above, the prejudice to Defendant is minimal at best.  This is not a case where a defendant's ability to defend herself on the merits is negatively affected by a delay of service.  See Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997).  Moreover, if the Court were to dismiss this action without prejudice, Plaintiff would simply re-file the Complaint.  It is in the interest of judicial economy for the Court to grant Plaintiff an extension of time to effect service.  After weighing the above factors, the Court would exercise its discretion to extend the time period to effect service.

Plaintiff's motion (Doc. No. 16) is **GRANTED**. Plaintiff shall have 30 days from the date of this order to effect service on Defendant.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
