**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:10-cv-02108** |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **ELAINE M. KALENEVITCH,** | : | |
| **Defendant** | : | |

**MEMORANDUM ORDER**

Presently pending before the Court are Defendant's motion to dismiss (Doc. No. 28), motion for judgment on the pleadings (Doc. No. 28), motion for a more definite statement (Doc. No. 28), motion to strike (Doc. No. 28), and motion for sanctions (Doc. No. 28). For the reasons that follows, the Court will dismiss this action for lack of subject matter jurisdiction and deny Defendant's motions as moot.

On October 12, 2010, Plaintiff Metropolitan Life Insurance Company, a corporation organized under New York law with its principal place of business located in New York, filed a complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a judgment as to whom the remaining death proceeds under a Single Premium Deferred Annuity ("the Contract") shall be paid. (Doc. No. 1 ¶¶ 1, 3, 24, 25.) Defendant Elaine M. Kalenevitch, a beneficiary under the Contract, is a citizen of Pennsylvania. (Id. ¶¶ 2, 8.) The complaint states that the remaining balance of the death proceeds is approximately $24,094.13. (Doc. No. 1 ¶ 16.)

A federal court has a continuing obligation to satisfy itself of its subject matter jurisdiction. Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, a federal court must dismiss

an action upon determining that it lacks subject matter jurisdiction. F.R.C.P. 12(h)(3). Here, Plaintiff's request under the Declaratory Judgment Act does not itself confer subject matter jurisdiction, and, for the action to proceed, the Court must have a separate, independent basis for the exercise of jurisdiction. Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc., 887 F.2d 1213, 1217-18 & n.2 (3d Cir. 1989). District courts have subject matter jurisdiction over federal questions pursuant to 28 U.S.C. § 1331, in which Congress grants courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." District courts also have subject matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," pursuant to 28 U.S.C. § 1332(a).

In this case, no federal question jurisdiction exists. The relief Plaintiff seeks in its complaint arises out of state law. As for diversity jurisdiction, although Plaintiff is a citizen of New York and Defendant is a citizen of Pennsylvania, the complaint clearly states that the approximate amount of the remaining death proceeds at issue in this matter is $24,094.13. The amount-in-controversy requirement, therefore, has not been satisfied. Therefore, the Court will dismiss this action for lack of subject matter jurisdiction.

**ACCORDINGLY**, on this 12th day of January 2012, **IT IS HEREBY ORDERED THAT:**

1. The above-captioned action is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

2. Defendant's motion to dismiss (Doc. No. 28), motion for judgment on the pleadings (Doc. No. 28), motion for a more definite statement (Doc. No. 28), motion to strike (Doc. No. 28), and motion for sanctions (Doc. No. 28) are **DENIED AS MOOT**.

3. The Clerk of Court is directed to close the case.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania