IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | : : | |
| Plaintiff | : : | Civil Action No. 1:10-cv-02108 (Chief Judge Kane) |
| v. | : : | |
| ELAINE M. KALENEVITCH, Defendant | : : | |

## MEMORANDUM ORDER

Presently pending before the Court is a motion for reconsideration (Doc. No. 36) of the Court's January 12, 2012 order (Doc. No. 35) denying, inter alia, Defendant's motion for sanctions (Doc. No. 28) as moot. For the following reasons, the Court will deny Defendant's motion for reconsideration.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A party may not invoke a motion for reconsideration as a means to relitigate or rehash legal principles and arguments already presented to and rejected by the court, nor may a party present additional arguments that could or

should have been raised before judgment was entered. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (motions for reconsideration cannot be used to gain a "second bite" at the apple).

Defendant's motion for reconsideration must be denied because she has not set forth any intervening changes in the controlling law, new evidence, or clear errors of law or fact made by the Court in its January 12, 2012 order that would warrant granting reconsideration. See Quinteros, 176 F.3d at 677. As the Court made clear in its order, Plaintiff's complaint failed to demonstrate that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 or 28 U.S.C. § 1332. (Doc. No. 35 at 2.) Specifically, the Court determined that it lacked subject matter jurisdiction because: (1) Plaintiff's complaint does not seek relief arising out of federal law; and (2) although the parties are diverse, the amount-in-controversy requirement was not satisfied. (Id.) As a result, the Court dismissed the action for lack of subject matter jurisdiction and denied five defense motions, including Defendant's motion for sanctions (Doc. No. 28), as moot. (Id.)

Nevertheless, Defendant urges the Court to exercise subject matter jurisdiction over the instant motion because: (1) "[P]laintiff undeniably failed to make jurisdictional and other inquiries reasonable under the circumstances;" and (2) she will otherwise be "caught in a worst case scenario . . . [and] will be left with no remedy . . . for [P]laintiff's most blatant and irrefutable violations of" Rule 11 of the Federal Rules of Civil Procedure. (Doc. No. 36 ¶¶ 2, 4.) These conclusory allegations fail to persuade the Court to not follow Rule 12(h)(3) of the Federal Rules of Civil Procedure, which requires this Court to dismiss an action upon determining that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). For these reasons,

Defendant has failed to meet her burden to establish that reconsideration of the Court's January 12, 2012 order is warranted.

**ACCORDINGLY**, on this 3rd day of February 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion for reconsideration (Doc. No. 36) is **DENIED**.

s/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania